**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2749
_____

KHALIL K. HAMMOND,
                              Appellant

v.

ROBERT M. KRAK, D.M.D.; SUPERINTENDENT LOUIS FOLINO; IRMA
VIHLIDAL, Health Care Administrator; JOHN E. WETZEL, Secretary of Corrections;
DORINA VARNER, Chief Grievance Officer; DR. BALAS, D.M.D.; VICTORIA
STANISHEFSKI, Health Care Administrator; BUREAU OF HEALTH CARE
SERVICES, through its Director John Doe
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:17-cv-00952)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2024
Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: October 3, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Khalil K. Hammond, proceeding in forma pauperis, appeals from the District Court's judgment in favor of the defendants in this 42 U.S.C. § 1983 action. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2017, Hammond filed a complaint in which he alleged that he received substandard dental care while in the custody of the Pennsylvania Department of Corrections ("DOC"). Following our previous ruling in this case, see Hammond v. Krak, No. 20-1850, 2021 WL 3854763 (3d Cir. Aug. 30, 2021), the claims at issue in this appeal are solely regarding the dental treatment that Hammond received in 2015 while incarcerated at SCI Frackville. He brought claims against his treating dentist, Dr. Balas, as well as: John E. Wetzel, Secretary of Corrections; Dorina Varner, Chief Grievance Officer; and Victoria Stanishefski, Health Care Administrator. Defendants sought summary judgment, which a Magistrate Judge granted.[1] Hammond timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment decision. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the

---

[1] The parties consented to jurisdiction before a United States Magistrate Judge. See 28 U.S.C. § 636(c)(1).

nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We may summarily affirm the District Court's decision if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Hammond was transferred to SCI Frackville in October 2014 and did not report any urgent dental issues at that time.[2]  He was seen in the dental clinic at SCI Frackville by Dr. Balas in June 2015 after reporting pain in the upper right quadrant of his mouth.  Dr. Balas noted previous dental work in that area of Hammond's mouth and identified a lesion on tooth #5.  He recommended that tooth #5 be extracted, as he was concerned that further root canal treatment would not be effective.  Hammond declined, stating that he did not want to lose more teeth; he requested pain medication instead.  Dr. Balas advised that pain medication would be palliative rather than curative, again recommending extraction, but contacted medical staff at SCI Frackville to request pain medication for Hammond.  Dr. Balas also consulted with his supervisor, who discussed the case with a dentist at SCI Pittsburgh, Dr. Mangieri.  The dental office at SCI Pittsburgh treated inmates from other parts of the state who had difficult dental conditions or who were difficult for other DOC dentists to manage.  Dr. Mangieri agreed to examine Hammond to see if another treatment option was possible.  Dr. Mangieri ultimately saw Hammond at SCI Pittsburgh on June 24, 2015, and was able to perform a procedure to treat the tooth without extraction.

---

[2]  Because we write primarily for the parties, we will recite only the facts necessary for this discussion.  These facts are undisputed unless otherwise noted.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Establishing a claim requires proving both an objective component — "a serious medical need" — and a subjective component — "acts or omissions by prison officials that indicate deliberate indifference to that need." See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). However, "[w]here a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017). "[M]ere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Hammond has argued that Dr. Balas was deliberately indifferent to his serious medical need by providing inadequate dental treatment and delaying treatment. However, the record shows that Dr. Balas conducted a thorough dental examination, identified the problem causing Hammond's pain, exercised his professional judgment to recommend an appropriate course of treatment, proactively consulted with his supervisor after his recommendation was rejected, and requested pain medication for Hammond until he was treated by Dr. Mangieri. This is not deliberate indifference, see Palakovic, 854 F.3d at 227-28, and there is no evidence that Dr. Balas delayed Hammond's dental care. Hammond's disagreement with Dr. Balas's recommendation does not support a § 1983 claim. Cf. White, 897 F.2d at 110 (explaining that "no claim is stated when a

*doctor* disagrees with the professional judgment of another doctor" as there could "be several acceptable ways to treat an illness"). We also agree with the District Court that the remaining defendants lacked the requisite personal involvement for Hammond's § 1983 claims. See Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Accordingly, we conclude that Hammond has failed to present a substantial question, and thus will summarily affirm the District Court's judgment.